**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CRYSTAL RODRIGUEZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION FILE NO. |
| : | 1:13-CV-03633-RWS |
| SHERIFF THOMAS BROWN, *in* : | |
| *his individual and official* : | |
| *capacities*, SHERRY BOSTON, *in* : | |
| *her individual and official* : | |
| *capacities*, PAIGE BOORMAN, : | |
| and M.K. BROWN, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the court on Defendants' Motion to Dismiss [3] and Amended Motion to Dismiss [9]. After reviewing the record, the Court enters the following Order.

**Background**

On October 25, 2011, Defendant M.K. Brown delivered a subpoena to Plaintiff Crystal Rodriguez ("Plaintiff") for her to appear in court that same day as a material witness to a criminal trial. (Am. Compl., Dkt. [6] ¶¶ 11-12).[1] The

---

[1]All facts are taken from the Complaint and are assumed to be true for the purpose of a motion to dismiss.

subpoena also stated that Plaintiff was on call from October 26, 2011, through October 28, 2011; however, Plaintiff alleges that because the subpoena was served less than 24 hours before she was to appear, contrary to Georgia law's requirement that subpoenas not be served less than 24 hours before the witness is to appear in court, see O.C.G.A. § 24-13-26(a), Plaintiff did not appear in court on October 25, 2011, or on the following days.

On October 27, 2011, Defendant Paige Boorman ("Boorman"), a DeKalb County Assistant Solicitor General, sought a warrant for Plaintiff's arrest, stating that she left a message on October 25 for Plaintiff to appear in court on October 26, 2011. Plaintiff contends that Boorman never left her a message. Plaintiff was arrested on November 2, 2011, at her place of employment by DeKalb County Sheriff's Deputies. Plaintiff not was brought before a judicial official until November 17, 2011, and was granted a signature bond on the same day. Plaintiff was not released from custody until November 22, 2011.

Plaintiff brought this action in the Northern District of Georgia on November 5, 2013, against Boorman, DeKalb County Solicitor General Sherry Boston, Sheriff Thomas Brown, and Investigator M.K. Brown. Plaintiff filed an Amended Complaint on January 5, 2014. Based on the foregoing allegations,

2

Plaintiff brings claims for: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) violations of the Georgia Constitution; (3) false imprisonment; (4) malicious prosecution; and (5) negligent training and supervision. Plaintiff also appears to assert her causes of action against unknown DeKalb County Sheriff's Deputies, although they are not specifically named in the caption of the Amended Complaint.

Defendants now move for dismissal of all claims.[2] Plaintiff has not filled a response to Defendant's motion. Therefore, the motion is deemed unopposed. See LR 7.1B, NDGa.

## Discussion

### I.  Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[2]Because Plaintiff filed her Amended Complaint after Defendants filed their first Motion to Dismiss [3], Defendants' Motion to Dismiss [3] is **DENIED as moot**.

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part

4

of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  <u>D.L. Day</u>, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  <u>Id.</u> (citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged."  <u>Id.</u>

**II.     Defendants Boston and Boorman**

Plaintiff alleges that Defendant Boorman obtained a material-witness warrant for Plaintiff's arrest even though she knew that Plaintiff was initially served less than 24 hours before she was supposed to appear in Court, and the Solicitor General's Office never contacted Plaintiff to instruct her to appear in Court on October 26 or 27.  Plaintiff alleges that Solicitor General Boston is also liable because she has ultimate responsibility for the investigation and prosecution of misdemeanor criminal matters on behalf of DeKalb County.  Because of Boston and Boorman's actions, Plaintiff alleges that she was

5

subjected "to [a] search, seizure, arrest, and prosecution for contempt that she did not commit." (Am. Compl., Dkt. [6] ¶ 65.) Boston and Boorman argue that they are entitled to absolute prosecutorial immunity under federal and Georgia law.

### A.   Absolute Prosecutorial Immunity under Federal Law

The law is well established that prosecutors are entitled to absolute immunity from liability for Section 1983 damages claims arising out of the performance of the traditional functions of their office. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). Such immunity is absolute with respect to those activities that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 340 (2009) (quoting Imbler, 424 U.S. at 430). Prosecutorial actions that occur in court are shielded by absolute immunity, even in situations where the prosecutor knowingly elicits false and defamatory testimony from witnesses or proffers fabricated exhibits. See Burns v. Reed, 500 U.S. 478, 491-92 (1991); Imbler, 424 U.S. at 430-31; Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002). However, in the event that a prosecutor provides *sworn* testimony as to the truth of the provided information, the defense of absolute immunity is unavailable.

6

Rivera v. Leal, 359 F.3d 1350, 1355 (11th Cir. 2004) ("The sworn/unsworn distinction is more than critical; it is determinative.").

Plaintiff claims that she was never contacted by the Solicitor General's office and yet Boorman requested a material witness warrant on the basis that Boorman left a message for Plaintiff and that Plaintiff failed to appear in court on October 26, 2011. (Am. Compl., Dkt. [6] ¶¶ 63, 65, 66.) Defendants assert that such allegations fail to pierce Boorman's absolute immunity.

Even assuming Boorman lied in obtaining the warrant, it does not appear that she provided sworn statements to the court. Moreover, the request for the witness warrant was closely associated with the judicial phase of the criminal process. Therefore, absolute prosecutorial immunity bars Plaintiff's claims. Similarly, the claims against Solicitor General Boston as Boorman's supervisor are also barred by prosecutorial immunity because Plaintiff does not allege any facts showing that Boston provided sworn testimony to the truth of the information provided in obtaining the warrant. Thus, Plaintiff's federal-law claims against them are **DISMISSED.**

  B. <u>Absolute Prosecutorial Immunity under Georgia Law</u>

Under Georgia law, prosecutors acting within the scope of their

7

jurisdiction are immune from civil suits arising from the performance of their duties.  Smith v. Hancock, 256 S.E.2d 627, 628 (Ga. Ct. App. 1979). Prosecutors engaged in quasi-judicial functions enjoy absolute immunity, but when engaged in administrative or investigative functions, prosecutors only enjoy a qualified privilege.  Holsey v. Hind, 377 S.E.2d 200, 201 (Ga. Ct. App. 1988) (citing Kadivar v. Stone, 804 F.2d 635, 637 (11th Cir. 1986)).  As with prosecutorial immunity under federal law, whether a prosecutor is engaged in a quasi-judicial function depends on whether the act is "intimately associated with the judicial phase of the criminal process."  Id. (internal quotation marks omitted).

As discussed above, Boorman was engaged in prosecuting a case when she initiated the material witness warrant after Plaintiff failed to show up in court.  Obtaining a material witness for trial is intimately associated with the judicial phase of the criminal process.  Again, Plaintiff fails to allege that either Boorman or Boston took any actions outside the scope of their quasi-judicial functions, so they are entitled to absolute immunity.  Plaintiff's state-law claims against Boorman and Boston are therefore **DISMISSED**.

AO 72A
(Rev.8/82)

**III.   Sheriff Brown and the DeKalb County Deputies**

Plaintiff sues Sheriff Brown in his individual and official capacities, alleging he is responsible as a supervisor for Plaintiff's alleged unlawful detention.  Specifically, Plaintiff alleges that the "Sheriff should have trained DCSO Deputies to identify arrestees that have not been brought before the court, including [Plaintiff]."  (Am. Compl., Dkt. [6] ¶ 104.)  Plaintiff also alleges that the unnamed Deputies who arrested her are liable because they did not have probable cause to make the arrest and failed to bring her before a judicial officer or investigate why she was being held. (Id. ¶¶ 90-93.) Defendants contend that Plaintiff suffered no constitutional violation, and thus Plaintiff's claims against him must be dismissed.

A.   Qualified Immunity and Supervisory Liability

The doctrine of qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities.  Wilson v. Layne, 526 U.S. 603, 609 (1999). Officials are shielded "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "To receive qualified immunity, a

9

government official first must prove that he was acting within his discretionary authority." Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003). Once the government official has satisfied this initial burden, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. Id. at 1358.

Whether an official is entitled to qualified immunity is determined by a two-step inquiry: One inquiry is "whether the plaintiff's allegations, if true, establish a constitutional violation." Barnett v. City of Florence, 409 F. App'x 266, 270 (11th Cir. 2010) (citing Hope v. Pelzer, 536 U.S. 730, 736 (2002)). "If the facts, construed . . . in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated was 'clearly established.' " Id. (citing Pearson v. Callahan, 555 U.S. 223, 241 (2009)).

To hold a supervisory official liable under Section 1983 for failing to train or supervise subordinates, a plaintiff must show that the "failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the Plaintiff complains." Belcher v. City of Foley, 30 F.3d 1390, 1397

10

(11th Cir. 1994). "Failure to train can amount to deliberate indifference when the need for more or different training is obvious, . . . such as when there exists a history of abuse by subordinates that has put the superior on notice of the need for corrective measures, . . . and when the failure to train is likely to result in the violation of a constitutional right." Id. at 1397-98 (internal citations omitted).

B.     Fourth Amendment Violation

To receive qualified immunity when a plaintiff alleges an arrest in violation of the Fourth Amendment, an arresting officer must show "arguable probable cause to believe that a person is committing a particular public offense." Redd v. City of Enter., 140 F.3d 1378, 1384 (11th Cir. 1998); see also Scarbrough v. Myles, 245 F.3d 1299, 1302 (11th Cir. 2001). Similarly, actual probable cause is an absolute bar to a Section 1983 claim of false arrest. Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990). Where an arrest warrant was facially valid and was executed in good faith and with probable cause, officers are entitled to qualified immunity. See Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984). Moreover, the Eleventh Circuit has held that deputies making an arrest pursuant to a facially valid arrest warrant do not have a duty to investigate and decide the potential viability of a defense before

arresting the person. Pickens v. Hollowell, 59 F.3d 1203, 1207 (11th Cir. 1995).

Here, Plaintiff attached a copy of the arrest warrant to the complaint, so it can be considered for the purposes of this Motion to Dismiss. The warrant [6-1] bears a heading showing that it was issued from the State Court of DeKalb County. It explains that Plaintiff "was to report on October 26, 2011 for jury trial. Subpoenas were mailed to the witnesses to be in court on October 25, 2011 and 'on call' for the remainder of the week." (Dkt. [6-1].) It further notes that Plaintiff was hand-served a subpoena on the morning of October 25, that she did not appear in court that day, and that Boorman left a voicemail on Plaintiff's "known cell phone number to be in court on October 26, 2011 or face possible contempt." (Id.) The warrant then ordered, based on these facts, the Sheriff of DeKalb County to arrest Plaintiff. Finally, the warrant was signed by State Court Judge Eleanor Ross and dated October 27, 2011. In view of the above facts, the arrest warrant was facially valid. Even if the prosecutors had submitted false information to the judge, Plaintiff does not allege that the Sheriff or his Deputies played any role in obtaining the warrant, and thus the Sheriff had arguable probable cause to arrest Plaintiff.

12

Plaintiff further asserts that she was denied due process when she was not brought before a judge or judicial officer until November 17, 2011. However, the Supreme Court, in Baker v. McCollon, 443 U.S. 137, 143 (1979), held that there is no constitutional violation when probable cause is established via a nonadversarial hearing held before or after arrest. "Since an adversary hearing is not required, and since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." Id. Here, as discussed above, before Plaintiff's arrest, a warrant finding probable cause was issued by a judge based on Boorman's assertion that Plaintiff had been served a subpoena, that Boorman had called Plaintiff, and that Plaintiff did not appear in court. As such, because Plaintiff was arrested pursuant to a warrant finding probable cause, failure to grant Plaintiff a hearing for 13 days did not violate the Fourth Amendment.

Finally, Plaintiff also appears to contend that Defendants should have investigated to determine whether she had been arrested unlawfully. This argument likewise fails because the Constitution does not require a sheriff

13

executing an arrest warrant "to investigate independently every claim of innocence . . . . Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim." Id. at 145-46. Therefore, the Sheriff did not violate Plaintiff's Fourth Amendment rights by not investigating the basis for her facially valid arrest warrant.

Because Plaintiff has failed to allege a plausible constitutional violation, Plaintiff's supervisory liability claims against Sheriff Brown and her constitutional claims against the DeKalb County Deputies fail. And finally, as Plaintiff suffered no constitutional violation, the claims against Sheriff Brown in his official capacity also fail. In sum, Plaintiff's federal-law claims against Sheriff Brown and the Deputies must be **DISMISSED**.

  C. <u>State-Law Claims and Official Immunity</u>

The state constitutional provision governing official immunity provides as follows:

> [A]ll officers or employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual

14

intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions.

GA. CONST. art. I, § 2, ¶ 9(d).  The Supreme Court of Georgia has held that the term "official functions" refers to "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts." Gilbert v. Richardson, 452 S.E.2d 476, 483 (Ga. 1994).  Accordingly, under this definition, the constitutional provision "provides no immunity for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or an intent to injure." Id.  "It, however, does provide immunity for the negligent performance of discretionary acts . . . ." Id.  In sum, under Georgia law, "a public officer or employee may be personally liable only for ministerial acts negligently performed or discretionary acts performed with malice or intent to injure." Harvey v. Nichols, 581 S.E.2d 272, 276 (Ga. Ct. App. 2003).

As a threshold matter, the Court concludes that the decision to arrest Plaintiff was a discretionary act.  However, Plaintiff has failed to show any actual malice or intent to injure on the part of Sheriff Brown or the Deputies.

15

For purposes of official immunity, " 'actual malice' requires a deliberate intention to do wrong, and denotes express malice or malice in fact. It does not include willful, wanton or reckless conduct or implied malice. Thus, actual malice does not include conduct exhibiting a reckless disregard for human life." Daley v. Clark, 638 S.E.2d 376, 386 (Ga. Ct. App. 2006).  Plaintiff does not allege that Sheriff Brown had a deliberate intention to do something wrong when his Deputies executed the arrest warrant.  Accordingly, Sheriff Brown and the Deputies are entitled to official immunity, and Plaintiff's state-law claims against them are **DISMISSED**.

### IV.   M.K. Brown

Plaintiff also names M.K. Brown, the investigator who served Plaintiff the subpoena, in her Amended Complaint. However, as discussed above, Plaintiff fails to allege any plausible constitutional violation.  Moreover, she fails to allege sufficient facts implicating M.K. Brown in any unconstitutional conduct.  Therefore, the federal claims against him are **DISMISSED**. As for the state claims, there are no allegations of malice that would deprive him of official immunity, so Plaintiff's claims under Georgia law against him are likewise **DISMISSED**.

16

AO 72A
(Rev.8/82)

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [3] is **DENIED as moot**, and Defendants' Amended Motion to Dismiss [9] is **GRANTED**. The Clerk shall close the case.

**SO ORDERED**, this   20th   day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)